FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LADARRELLE DIXON,<br><br>                 Plaintiff,<br><br>     v.<br><br>ECONOMY INN, Cooperate [sic] Headquarters; ECONOMY INN; and BRUNSWICK POLICE DEPT.,<br><br>                 Defendants. | No.   2:20-cv-00312-SMJ<br><br>**ORDER OF DISMISSAL** |

      Before the Court is Plaintiff's Second Amended Complaint, ECF No. 22, filed on August 3, 2021. The Court previously directed Plaintiff to amend or voluntarily dismiss their Complaint, ECF No. 20, which failed to state a claim upon which relief can be granted. ECF No. 21. Plaintiff's Amended Complaint asserts claims against Economy Inn Corporate Headquarters and Economy Inn (together, "Economy Inn Defendants") as well as Brunswick Police Department. As the Court noted in its prior Order, Plaintiff's Second Amended Complaint replaces their prior complaints in their entirety. *See* ECF No. 21 at 15. Accordingly, those Defendants not named in the Second Amended Complaint are terminated from this action, and the Court will only consider those facts alleged in the Second Amended Complaint.

ORDER OF DISMISSAL – 1

Liberally construing the Second Amended Complaint in the light most favorable to Plaintiff and for the reasons set forth below, the Court finds that Plaintiff has failed to cure the deficiencies of the initial and first amended complaints. The Court thus dismisses this action with prejudice for failure to state a claim upon which relief may be granted.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that while they were a customer at the Economy Inn, they were asked to leave by an employee "due to a sexual misconduct complaint made to the Brunswick Police Dept." ECF No. 22 at 4. They assert that Economy Inn employees engage in "sexual misconduct in view of customer." *Id.* at 6. After Plaintiff reported the misconduct to the Brunswick Police Department, Plaintiff was escorted from the Economy Inn by the police. *Id.* The Brunswick Police Department then wrote a police report about the complaint. *Id.*

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 ("PLRA") requires courts to screen complaints filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Courts must dismiss a complaint, or portion thereof, if a plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1  granted, or that seek monetary relief from a defendant who is immune from such
2  relief. 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193, 1194–95
3  (9th Cir. 1998).
4      A claim is legally frivolous when it lacks an arguable basis either in law or
5  in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on*
6  *other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000)
7  (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The Court
8  may therefore dismiss a claim as frivolous when it rests on an indisputably meritless
9  legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S.
10 at 327. The critical inquiry is whether a constitutional claim, however inartfully
11 pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d
12 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*,
13 203 F.3d at 1130–31; *Franklin*, 745 F.2d at 1227.
14     The facts alleged in a complaint are to be taken as true and must "plausibly
15 give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).
16 Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The
17 complaint must contain more than "a formulaic recitation of the elements of a cause
18 of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead
19 "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The
20 Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the

ORDER OF DISMISSAL – 3

benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## DISCUSSION

**A.    Subject-Matter Jurisdiction**

Federal district courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court presumes a civil action lies outside its limited jurisdiction and the burden to prove otherwise rests on the party asserting jurisdiction exists. *Id.* Under Federal Rule of Civil Procedure 12(b)(1) and (h)(3), a federal district court must dismiss a civil action if at any time it determines it lacks subject matter jurisdiction. A federal district court has two basic types of subject matter jurisdiction: (1) federal question and (2) diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Plaintiff claims that federal question jurisdiction exists here. ECF No. 22 at 3.

**1.    Federal Question**

Federal question jurisdiction applies if a complaint asserts a claim based on federal law, such that it is a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009), *superseded by statute on other grounds as stated in Vermont v. MPHJ Tech. Invs., LLC*, 883 F.3d 635, 643

*(Fed. Cir. 2015)* (alteration in original) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

Broadly construing Plaintiff's Second Amended Complaint, it appears they are trying to allege a cause of action under 42 U.S.C. § 1983. *See infra*. They allege that the Brunswick Police Department escorted them from the Economy Inn and filed a police report—which this Court construes as an allegation of a Fourth Amendment violation. The Court therefore has federal question jurisdiction over the Brunswick Police Department. But it does not appear that Plaintiff alleges a federal cause of action against the Economy Inn Defendants (nor would such a cause of action state a claim under the facts alleged, as explained below).

 2.     **Supplemental Jurisdiction**

The Court may exercise supplemental jurisdiction over a party's state law claims if they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1376(a). This jurisdiction extends to claims involving "the joinder . . . of additional parties." *Id.*

"A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health*

ORDER OF DISMISSAL – 5

*& Welfare Tr. v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)). However, after acquiring supplemental jurisdiction over a state law claim, a court may decline to exercise jurisdiction if:

> (1) The claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1376(c).

Broadly construing the Second Amended Complaint, the Court concludes Plaintiff has alleged that her claims against Economy Inn Defendants arise out of the same transaction or occurrence as Plaintiff's claims against Brunswick Police Department. The Court thus has supplemental jurisdiction over the remainder of Plaintiff's claims.

**B.    Personal Jurisdiction**

As stated in its prior Order, this Court does not have personal jurisdiction over the Brunswick Police Department. *See* ECF No. 21 at 7. Plaintiff has not alleged any additional information which enables the Court to find personal jurisdiction. The Court exercises personal jurisdiction over defendants if (1) it is permitted by the state's long-arm statute and (2) the exercise of jurisdiction does

not violate federal due process. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

The Court "begins its personal jurisdiction analysis with the long-arm statute of the state in which the court sits." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the Court's personal jurisdiction to the broadest reach permitted by the United States Constitution. *See* Wash. Rev. Code § 4.28.185. Because Washington's long-arm statute is coextensive with federal due process requirements, the jurisdictional analysis is the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

Due process requires that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 315 (1945). In other words, (1) there must be purposeful minimum contacts between the defendant and forum state; (2) the plaintiff's injuries arise out of, or relate to, those minimum contacts; and (3) the exercise of jurisdiction is consistent with the traditional notion of "fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

Under the "minimum contacts" analysis, jurisdiction can be general, "all-purpose," or it can be specific, "conduct-linked." *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014).

To establish general jurisdiction, a plaintiff must show that the defendant has continuous and systematic contacts sufficient to approximate physical presence in the state. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). The standard is "exacting . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.

A foreign corporation must have affiliations so continuous and systematic as to render it "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A corporation's place of incorporation and principal place of business are paradigm bases for general jurisdiction. *Daimler*, 571 U.S. at 137. Only in an "exceptional case" will general jurisdiction be available elsewhere. *Id.* at 139 n.19.

Specific jurisdiction is analyzed using a three-part test: (1) the nonresident defendant must have purposefully directed his activities or consummated some transaction with the forum or a forum resident, or performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one

ORDER OF DISMISSAL – 8

that arises out of or relates to the nonresident defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). If the plaintiff succeeds in establishing the first two prongs, the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable. *Id.* at 1211–12.

### 1. Economy Inn Defendants

Plaintiff represents that Economy Inn has its corporate headquarters in Washington State. In evaluating the sufficiency of the Complaint, the Court finds that Plaintiff has pleaded facts sufficient to establish that Economy Inn's principal place of business is Washington State, so the Court has general jurisdiction over the Economy Inn Defendants.

### 2. Brunswick Police Department

On the other hand, as explained above, Brunswick Police Department is located in Georgia. As alleged, this Court does not have general jurisdiction over Brunswick Police Department. Nor does it have specific jurisdiction. Plaintiff makes no allegations that the Brunswick Police Department had any interaction with Washington State, much less that it purposefully availed itself of the privilege of conducting activities in the state or purposefully directed its activities to the state. *See Picot*, 780 F.3d at 1211.

ORDER OF DISMISSAL – 9

## C. Failure to State a Claim

### 1. Section 1983

The Court construes Plaintiff's Second Amended Complaint as asserting a claim under 42 U.S.C. § 1983 against Brunswick Police Department. Section 1983 requires a claimant to prove that (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir.1991) (emphasis and brackets in original), *abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. To establish liability under Section 1983, Plaintiff must set forth facts showing how each Defendant caused or personally participated in causing a deprivation of Plaintiff's

protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### a. Economy Inn

The Court does not read Plaintiff's Amended Complaint to assert a Section 1983 cause of action against Economy Inn Defendants. Even if they did, it appears the Economy Inn Defendants are not government actors. Private parties are generally not considered to act under color of state law for purposes of Section 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). A private person may act under color of state law if they willfully participate in joint action with state officials to deprive others of their constitutional rights. *Taylor*, 880 F.2d at 1048. The private party must share the common objective of the conspiracy or enter into an agreement with the state actor.

Plaintiff has alleged no facts from which the Court could infer that Economy Inn Defendants, private parties, conspired with state officials to deprive Plaintiff of their constitutionally protected rights or otherwise acted under color of state law. Plaintiff has not alleged that Economy Inn Defendants have an agreement with the Brunswick Police Department or any other state agency, nor any common objective with a state actor. *See* ECF No. 22. Plaintiff has not set forth allegations concerning a person acting under color of state law and therefore fails to state a claim under Section 1983.

b. **Brunswick Police Department**

Because the Court finds that it does not have personal jurisdiction over the Brunswick Police Department, it need not address whether Plaintiff has stated a claim for those Defendants.

2. **Other Claims Against Economy Inn Defendants**

Further, Plaintiff's allegations against Economy Inn continue to state mere legal conclusions. *Iqbal*, 556 U.S. at 664. Even construing the sparse facts liberally in favor of Plaintiff, the Court cannot determine which federal or state laws Plaintiff alleges that Economy Inn Defendants violated. *See* ECF No. 22 at 4–6. Plaintiff vaguely alleges that Economy Inn Defendants' employees engaged in "sexual misconduct," but do not elaborate upon the circumstances surrounding the incident that gave rise to a legal violation. *Id.* at 4, 6. Plaintiff has simply not pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.[1]

## CONCLUSION

Despite the Court granting them several opportunities to amend their

---

[1] Under the "Basis for Jurisdiction" section of the Complaint, Plaintiff states that their federal constitutional or federal statutory rights which have been violated include "Governmental Discrimination Laws," "Hostile Environment for Customer," "Third Party Sexual harassment" and "Sexual Misconduct in Workplace." ECF No. 22 at 3. Even construing the sparse facts liberally in favor of Plaintiff, the Court cannot determine what federal laws Plaintiff alleges Defendants violated.

ORDER OF DISMISSAL – 12

Complaint, Plaintiff's Second Amended Complaint fails to address the issues identified by the Court. Accordingly, the Court dismisses Plaintiff's Second Amended Complaint with prejudice under 28 U.S.C. § 1915(e)(2).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Second Amended Complaint, **ECF No. 22**, is **DISMISSED WITH PREJUDICE**.

2. Any hearings and deadlines in this matter are **STRICKEN**.

3. Any pending motions are **DENIED AS MOOT**.

4. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** the file.

5. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff.

**DATED** this 16th day of August 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge